# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

                    Plaintiff,

    vs.

CEDRICK WAYNE HOLLOWELL,

                    Defendant.

CRIMINAL CASE NO. CF0637-13

DECISION AND ORDER

## INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on January 14, 2014 on the People's Motion to Dismiss Without Prejudice. Defendant Cedrick Wayne Hollowell was represented by Assistant Public Defender Richard S. Dirkx. The People of Guam are represented by Assistant Attorney General Christopher R. Odoca. After reviewing the pleadings, the Court now issues the following Decision and Order Dismissing this matter with prejudice.

## BACKGROUND

On November 26, 2013, Defendant was indicted on charges of Terrorizing (As a Third Degree Felony) and Family Violence (As a Misdemeanor).

On January 13, 2013, one day prior to trial, the People filed a Motion to Dismiss Indictment without prejudice. In it the People cite to Section 80.70 of Title 8 the Guam Code and assert that they are unable to prove the elements of the crime as charged because they have been unable to contact the victim.

Defendant did not file an opposition paper but objected to the People's motion at the hearing. Contrary to the People's assertions, Defendant proffered that the victim was on island,

available for trial that day, and available by telephone. Defendant asserted that the People had not issued a subpoena to the victim and argued the People's assertions fell below the standard required to grant the motion.

At the direction of the Court and subsequent to the hearing, on January 14, 2013, the People filed a paper entitled Affidavit in Support of People's Motion to Dismiss Without Prejudice. In it the People assert that the victim provided it with her written statements on November 26 and December 10, 2013, and at least three different phone numbers where she could be contacted. It asserts that the People, through its investigator, made several attempts to contact the victim at the phone numbers provided, unsuccessfully searched the Criminal Justice Information System to obtain other phone numbers for the victim, and contacted the victim's reported employer but was informed she no longer worked for that employer.

## DISCUSSION

Section 80.70 of Title 8 of the Guam Code regulates when a criminal matter may be dismissed. Subsection (a) and (b) of the rule provides,

> (a) The prosecuting attorney may with leave of court file a dismissal of an indictment, information or complaint and the prosecution shall thereupon terminate. Such a dismissal may not be filed during the trial without the consent of the defendant. The prosecuting attorney shall file a statement of his reasons for seeking dismissal when he applies for leave to file a dismissal and where leave is granted the court's order shall set forth the reasons for granting such leave.
> (b) If there is unnecessary delay in bringing a defendant to trial, the court, on its own motion, may dismiss the indictment, information or complaint. The reasons for the dismissal shall be set forth in an order entered upon the minutes.

8 GCA § 80.70. In 2009 these subsections were discussed by the Guam Supreme Court. *Guam v. Flores*, 2009 Guam 22, ¶¶ 23-29. The *Flores* Court recognized that section 80.70 both codifies and limits the common law discretion of a prosecutor to dismiss a case. *Id.* at ¶ 23. The Court explained that while a presumption of good faith attaches to the proffered

justifications of the People in moving to dismiss an action, this may be rebutted through assertions of facts that support a finding of bad faith. *Id.*

Inherent in and requisite to the application of the presumption of good faith is a prosecutor's duty to detail sufficient facts to support such a presumption. 8 GCA § 65.15. It is not sufficient for a prosecutor to request dismissal without a specific assertion of facts which, although carrying the presumption of good faith, can also support that legal finding. *Id.*

In this case the Court is unable to find sufficient facts to merit the application of the good faith presumption. Aff. at 1-2. Contrary to the Court's instruction at its January 14, 2013 hearing, a review of the People's supporting paper reveals an absence of any specific facts meriting the application of this presumption. The People's supporting affidavit consists of three pages and sixteen numbered paragraphs. A review of the document reveals that the first ten of these paragraphs are not relevant to the pertinent issue of the People's good faith. The remaining paragraphs are conclusory and insufficient to support a finding that the presumption lies.

While the People's verified paper asserts that it has: made several attempts to contact the victim, searched its records for alternate phone numbers, and contacted the victim's reported place of work, these assertions do not identify any dates of these efforts or the amount of time which was invested in each. From them the Court is unable to determine whether the calls were made on the day the motion was filed or whether the entirety of People's attempts to contact Defendant lasted less than five minutes and consisted of four phone calls. A good faith presumption is not intended to be an application of blind trust. For it to carry any due process protection or value it must be supported by rebuttable and specific facts.

In this case Defendant proffered that the victim was on island, available for trial, and readily accessible by phone. A review of the file further reveals the People failed to subpoena

*People v. Baniaga*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0731-12

the victim. Since the date of his arraignment on December 4, 2013, Defendant has maintained his assertion of his statutory speedy trial right. A date for trial was set on December 30, 2013 and two pre-trial conferences were held prior to the trial and filing of the People's motion to dismiss without prejudice. The Government has been on notice since the first trial setting that the matter would be going to trial. The pre-trial conferences further served as additional notice that it needed to get its witnesses prepared for trial. At a bare minimum and for purposes of a good faith showing, an adequate trial preparation should include the attempt to subpoena or verified contact of all the essential government witnesses by the date of the final pre-trial conference. In this case the final pretrial conference occurred on January 10, 2014, the Friday prior to the start of trial.

Findings of bad faith are regularly defined and associated with behavior which is, reckless, willful or grossly negligent. see, *MElectric Corporation v. Phil-Gets (Guam) International Trading Corporation*, 2012 Guam 23, ¶37. Bad faith behavior has been described by the Guam Supreme Court as conduct which demonstrates, "either an intentional departure from proper conduct, or, at a minimum, . . . a reckless disregard of duty owed by counsel to the court."; *People v. Manibusan*, 1998 Guam 22, ¶ 11 (citations omitted). A review the combination of the People's motion for dismissal on the day of trial, its failure to support its motion and the rebutting proffers of the Defendant leaves the Court with little alternative but to find evidence the People's reckless disregard of its duty to the Defendant, the Court and its client.

*People v. Baniaga*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0731-12

## CONCLUSION

For the foregoing reasons this matter is hereby dismissed with prejudice.

SO ORDERED this ___17th___ of ___January___ 2014.

HONORABLE MICHAEL J. BORDALLO
JUDGE, SUPERIOR COURT OF GUAM

JAN 17 2014

*People v. Baniaga*
Decision & Order (Motion to Dismiss)
Criminal Case No. CF0731-12